PER CURIAM.
The appéllant challenges the denial of his postconviction motion seeking additional jail credit pursuant to Florida Rule of Criminal Procedure 3.801. We reverse and remand.
The appellant argues that he was arrested on the instant Santa Rosa County charges on December 14, 2012, while in St. Johns County custody, but was only provided with credit from December 26, 2013. He asserts that he is therefore entitled to 379 days of additional jail credit. The trial court denied this claim, attaching Santa Rosa County documents indicating that Santa Rosa County merely placed a hold on the appellant until he was formally arrested on December 26,2013.
However, the appellant attached documents to his motion indicating that a first appearance conducted in St. Johns County on December 15, 2012, also concerned his Santa Rosa County charges. First appearances are conducted when a defendant has been arrested for an offense. See Fla. R. Crim. P. 3.130(a) (“Except when previously released in a lawful manner, every arrested person shall be taken before a judicial officer, either in person or by electronic audiovisual device in the discretion of the court, within 24 hours of arrest”) (emphasis added). These documents tend to support his assertion that he was arrested in December of 2012.
In response to this Court’s Toler order, the state conceded that the documents in the record do not conclusively refute the appellant’s claim. Accordingly, we reverse and remand for the trial court to attach portions of the record refuting the claim, hold a hearing, or grant relief.[1]
*1146 REVERSED and REMANDED for further proceedings consistent with this opinion. .
LEWIS, THOMAS, and MAKAR, JJ., concur. .

. During the pendency of this appeal, the trial court entered an order granting a motion for postconviction relief brought pursuant, to Florida Rule of Criminal Procedure 3.850. On remand, the lower tribunal should determine the effect of this order on the appellant's claim for jail credit.